Wyly, J.
The plaintiff appeals from the judgment dissolving the injunction sued by him to restrain the collection of the Metropolitan Police tax assessed to Mm by the police jury of the parish of St. Bernard for the years 1869 and 1870.
The most important objection to this tax set up by him, is that it is not equal and uniform throughout the Metropolitan Police district. That it is equal and uniform throughout the parish of St. Bernard is not doubted.
That the State has the power to establish a police for the various municipal corporations which she has created, and which she employs *397 in the administration of government, can not be doubted. Indeed, she can pass any law, whether wise or. unwise, provided it is not repugnant to the constitution. As she could establish a police department in each parish, we see no reason why she could not pass an act establishing a Metropolitan Police district composed of the' municipal corporations (cities and parishes) mentioned in the act, and require the expenses thereof to be apportioned among them severally in proportion to the number of policemen employed in each. And this we understand has been done in the acts of 1868 and 1869 establishing and regulating the Metropolitan Police district. One clause of section 25 of act No. 92 of the acts of 1869 provides: “That such estimate (by the police commissioners) shall be accompanied by a written apportionment by said board of the proportion of expenses applicable to each of the cities and parishes in the Metropolitan Police district in ratio of the number of police officers and men assigned by said Metropolitan Police Board for police duty in said cities or parishes within the Metropolitan Police district.”
Another clause thereof provides that “ The said estimate and apportionment shall be submitted to the mayor of the cjjfcies and police juries of the parishes within the said Metropolitan Police district, to consider the same; and if the said mayor or police juries shall object in writing to such estimate and apportionment, or to any portion thereof, and so notify or cause to be notified the said board of commissioners, it shall be the duty of the latter to carefully revise the same and consider the said objections.” * * *
Now where is there any violation of that provision of the constitution requiring uniformity and equality in taxation ? It is not pretended that plaintiff is required to pay a greater tax than any other citizen of the parish of St. Bernard; nor is there any proof showing that the apportionments assessed by the police commissioners for the years 1869 and 1870 are not just, and in proportion to the number of officers and policemen assigned to police duty in said parish during said years. There is no proof that the parish of St. Bernard ever complained- of the apportionments and made a written application to the police commissioners for the revision of said apportionments. There being no proof on the subject, the presumption is the officers have done their duty; and the apportionments are just- and in proportion to the number of officers and men performing police duty in the parish of St. Bernard. Now if the people of St. Bernard are required to pay equally and uniformly for the expenses of the officers and men employed in police duty in said parish, what is the difference as to how the State has employed or authorized the employment of said policemen ?
Whether the State selected as her agent for the administration of *398 police, the police jury, or created a special corporation, the board of Metropolitan Police, for the purpose of employing men and administering this part of government, is immaterial. It is a matter of legislative discretion. So plaintiff is not required to pay an unequal tax for the expenses of policemen actually employed for the public welfare in the parish of St. Bernard, he has no cause to complain; none of his constitutional rights have been violated.
The other questions raised by plaintiff are sufficiently answered in the written opinion of the judge a quo and nothing further need be said in regard to them.
Judgment affirmed.